# Exhibit A

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF NEWBERRY | IN THE COURT OF COMMON PLEAS<br>FOR THE EIGHTH JUDICIAL CIRCUIT |
| **ROBIN VILLEREAL,**<br><br>Plaintiff,<br>vs.<br><br>**LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.**,<br><br>Defendant. | CASE NO:<br><br>**SUMMONS**<br>(*Premises Liability*)<br><br>JURY TRIAL REQUESTED |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscriber, at his office at PO Box 762, Mount Pleasant, SC 29465, within thirty (30) days after service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully,

**THE LAW OFFICES OF JOSHUA E. SLAVIN, LLC**
/s/ Joshua Slavin
PO Box 762 Mount Pleasant, SC 29465
Phone : 843-619-7338 Fax : 888-246-8914
Email : josh@attorneycarolina.com
SC Bar ID: 102912

/s/ Khari Ford
PO Box 762 Mount Pleasant, SC 29465
Phone : 843-619-7358 Fax : 888-246-8914
Email : khari@attorneycarolina.com
SC Bar ID: 106735

Attorneys for the Plaintiff

November 26, 2024
Mount Pleasant, SC

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF NEWBERRY | IN THE COURT OF COMMON PLEAS<br>FOR THE EIGHTH JUDICIAL CIRCUIT |
| **ROBIN VILLEREAL,**<br><br>Plaintiff,<br>vs.<br><br>**LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.,**<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>(*Premises Liability*)<br><br>JURY TRIAL REQUESTED |

Plaintiff, complaining of Defendant, alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Robin Villereal is a citizen and resident of Suwannee County, Florida.
2. Upon information and belief, Defendant Love's Travel Stops & Country Stores is a corporation organized and licensed under the laws of the State of Oklahoma, with its principal place of business in Oklahoma County, Oklahoma. Defendant does business throughout South Carolina, including throughout this judicial circuit.
3. Defendant may be served via its registered agent, C T Corporation System at 2 Office Park, Columbia, South Carolina, 29223.
4. Upon information and belief, at all times pertinent to this action, Defendant was situated in one or more of the following particulars: owner and/or operator of the Love's Travel Stop located at 36 Dusty Rd, Newberry, South Carolina, 29108 (hereinafter the "Premises"); owner and/or operator of businesses operating at or about the Premises; owner and/or operator responsible for the safety of the premises; and owner and/or operator involved in pertinent commercial elements on or about the Premises.

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

5. On May 12, 2024, Plaintiff was injured in a fall that occurred in Newberry County, South Carolina as the result of the negligent, grossly negligent, and reckless acts and/or omissions of Defendant.
6. This Court possesses subject matter jurisdiction over this dispute pursuant to Article V, § 11 of the South Carolina Constitution.
7. This Court has personal jurisdiction over Defendant pursuant to S.C. Code Ann. § 36-2-802 and S.C. Code Ann. § 36-2-803.
8. Venue is proper in this forum pursuant to S.C. Code Ann. § 15-7-30 because it is where the most substantial part of the alleged acts and omissions giving rise to this cause of action occurred.

**FACTUAL ALLEGATIONS**

9. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth verbatim herein.
10. On or about May 12, 2024, Defendant had control of the building, sidewalk, and parking lot area of the Premises, including where Plaintiff fell.
11. The features of the Premises that appeals to the public are the facilities available to travelers including, but not limited to, parking, lavatories, a restaurant, a dog run, and fuel stations.
12. Prior to the event giving rise to this action, Defendant knew or should have known that there was inadequate marking alerting visitors to the presence of the utility box on the sidewalk surrounding the Premises.
13. On or about May 12, 2024, Plaintiff was a customer of Defendant, and she went inside the location to utilize the lavatory.

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

14. Upon exiting, she walked along the sidewalk to meet her husband at the dog park located on the opposite side of the parking area.
15. As she walked, Plaintiff could not see the unmarked and unprotected utility box located on the sidewalk, measuring approximately six inches in height and eight inches in width.
16. The unexpected and unseen utility box caused her to fall.
17. Plaintiff's right leg and right wrist were fractured in this fall on Defendant's property.
18. Plaintiff still has not fully recovered from the injuries caused by this incident and is expected to experience pain and limitations from this incident for the rest of her life.
19. Plaintiff was considered a business visitor upon the Premises.
20. The utility box at issue was a dangerous latent condition in that the there was no indication of its presence by color, signage, and/or protective barrier in an area regularly trafficked by individuals walking on the Premises.
21. Defendant had actual or constructive notice of the above-described dangerous latent condition.

**FOR A FIRST CAUSE OF ACTION**

(Negligence, Gross Negligence, and Recklessness)

22. Plaintiff incorporates and re-alleges the foregoing paragraphs as though set forth verbatim herein.
23. Defendant owed Plaintiff the duty of due care to discover risks and take safety precautions to warn of or eliminate unreasonable risks. This includes the nondelegable duties to:
    a. Provide a reasonably safe premises;
    b. Maintain the premises in a reasonably safe condition for the intended purpose;
    c. Maintain walkways and common areas free of hazards and safety;
    d. Cure code violations that could pose a danger to invitees and others;

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

e. Make reasonable inspection of the premises and discover risks to invitees;

f. Warn of or eliminate foreseeable unreasonable risks;

g. Warn of or eliminate known or reasonably knowable dangerous conditions on the premises; and

h. Take adequate safety measures including, but not limited to, maintaining a safe, effective level of marking, lighting, or signage to allow invitees to observe and avoid dangerous conditions.

24. Defendant was negligent, grossly negligent, reckless, and/or willful in breaching the above-described duties of care owed to Plaintiff and the general public in one or more of the following ways:

a. By creating a hazardous condition;

b. By failing to inspect and discover a dangerous condition on its Premises;

c. By failing to provide and maintain adequate marking of hazards on the sidewalk areas;

d. By designing, constructing, and/or maintaining the Premises in violation of industry standards and safety rules so that the walkway surface posed a safety hazard;

e. By failing to design, construct, and/or maintain the Premises in such a way so that invitees, including Plaintiff, would be restricted from encountering a safety hazard;

f. By failing to delineate the utility box with reflective tape, contrasting color paint, lighting, tactile cues, a warning sign, or otherwise make conspicuous for Plaintiff and all customers;

g. By failing to comply with safety codes as applicable by law or industry standard;

h. By failing to conduct reasonable periodic inspections of the Premises to discover and remove or remedy dangerous conditions; and

i. By such other and further acts of negligent, reckless and willful conduct as will be shown by discovery and at trial.

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

25. As a direct and proximate cause of the above-referenced acts and omissions of Defendant as alleged herein, Plaintiff sought medical treatment, suffered, and continues to suffer, from one or more of the following elements of damage:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Emotional distress;
    d. Impairment of health and bodily efficiency;
    e. Loss of sleep and inability to concentrate;
    f. Loss of the Plaintiff's enjoyment of life;
    g. Shock and injury to Plaintiff's nerves and nervous system;
    h. Increased susceptibility to future injury;
    i. Substantial expenses for medical services;
    j. Expenses for transportation to and from medical services; and
    k. Future medical care.

26. Based on the foregoing, the Plaintiff is informed and believes that she is entitled to actual and punitive damages in an amount to be determined by a jury.

27. The fall, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless, and/or grossly negligent acts or omissions of Defendant.

**FOR A SECOND CAUSE OF ACTION**
(Premises Liability)

28. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth verbatim herein.

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

29. That the Defendant owed Plaintiff a duty: to put and keep the Premises in a fit condition; to refrain from creating tripping hazards or allowing them to persist on the Premises ; to comply with applicable building codes/standards affecting health and safety; to warn of, and repair, dangerous conditions following actual or constructive notice; to make necessary repairs and to do what is reasonably necessary to keep and put the Premises in a safe condition; to install products consistent with product specifications; to warn of, and repair, latent defects; to undertake efforts to discover dangerous conditions on the Premises; and to otherwise act as a reasonable and prudent business owner or operator would under the same or similar circumstances.

30. That Defendant breached the duties set forth in the immediately preceding paragraph and were further negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

    a. In failing to do what was necessary to put the utility box in a safe condition;

    b. In failing to repair a dangerous condition after actual or constructive notice;

    c. In failing to repair a latent defect on the Premises;

    d. In failing to warn of a latent defect;

    e. In failing to exercise that degree of care and caution which a reasonable and prudent business owner would under the same or similar circumstances;

    f. In creating a dangerous condition; and

    g. In such other and further particulars that may be revealed during the course of discovery or at trial.

31. Upon information and belief, prior to this incident, Defendant knew or should have known that the utility box at issue was defective, unsafe, or dangerous but failed to take action to

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

do what was reasonably necessary to repair and address the dangerous condition created by the utility box.

32. As a direct and proximate result of the negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness and/or wantonness of the Defendant, Plaintiff has suffered, and upon information and belief, will continue to suffer, great physical harm and injuries, physical and mental pain and suffering, anxiety, emotional distress, medical expenses, loss of the enjoyment of life, and lost wages.

33. Based on the foregoing, the Plaintiff is informed and believes that she is entitled to actual and punitive damages in an amount to be determined by a jury.

34. The fall, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless, and/or grossly negligent acts or omissions of Defendant.

**WHEREFORE**, Plaintiff, being entitled to judgment against Defendant for the above-described acts, omissions, and resulting injuries, prays for the following:

i. Judgment against Defendant for actual and compensatory damages in an amount to be determined by the jury;

ii. For punitive damages to be awarded against Defendant as determined by the jury;

iii. For the costs of this action;

iv. Pre- and post-judgment interest on any amounts awarded, as permitted by law; and

v. For such other and further relief as this Court deems just and proper.

Plaintiff requests a trial by jury.

[ *Signature Block contained on Following Page* ]

ELECTRONICALLY FILED - 2024 Nov 26 12:18 PM - NEWBERRY - COMMON PLEAS - CASE#2024CP3600696

Very Respectfully,

**THE LAW OFFICES OF JOSHUA E. SLAVIN, LLC**
/s/ Khari Ford
PO Box 762 Mount Pleasant, SC 29465
Phone: 843-619-7358 Fax: 888-246-8914
Email: khari@attorneycarolina.com
SC Bar ID: 106735

/s/ Joshua Slavin
PO Box 762 Mount Pleasant, SC 29465
Phone: 843-619-7338 Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912

Attorneys for the Plaintiff

November 26, 2024
Mount Pleasant, SC